SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
David M. Turetsky
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

-and-

Ron E. Meisler (*pro hac vice pending*)
Felicia Gerber Perlman (*pro hac vice pending*)
Carl T. Tullson (*pro hac vice pending*)
155 N. Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Proposed Counsel for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **ATLAS RESOURCE PARTNERS, L.P.,** | : | **Case No. 16-12149 (___)** |
| | : | |
| **Debtor.** | : | **(Joint Administration Pending)** |
| | : | |
| Tax I.D. No: 45-3591625 | : | |
| **In re:** | : | **Chapter 11** |
| | : | |
| **ARP BARNETT PIPELINE, LLC,** | : | **Case No. 16-12150 (___)** |
| | : | |
| **Debtor.** | : | **(Joint Administration Pending)** |
| | : | |
| Tax I.D. No: 61-1682295 | : | |

|  |  |  |
|---|---|---|
| In re: | : | **Chapter 11** |
|  | : |  |
| **ARP BARNETT, LLC,** | : | **Case No. 16-12151 (\_\_\_)** |
|  | : |  |
| **Debtor.** | : | **(Joint Administration Pending)** |
|  | : |  |
| Tax I.D. No: 90-0812567 | : |  |

|  |  |  |
|---|---|---|
| In re: | : | **Chapter 11** |
|  | : |  |
| **ARP EAGLE FORD, LLC,** | : | **Case No. 16-12152 (\_\_\_)** |
|  | : |  |
| **Debtor.** | : | **(Joint Administration Pending)** |
|  | : |  |
| Tax I.D. No: 47-1846894 | : |  |

|  |  |  |
|---|---|---|
| In re: | : | **Chapter 11** |
|  | : |  |
| **ARP MOUNTAINEER PRODUCTION, LLC,** | : | **Case No. 16-12153 (\_\_\_)** |
|  | : | **(Joint Administration Pending)** |
| **Debtor.** | : |  |
|  | : |  |
| Tax I.D. No: 46-5641625 | : |  |

|  |  |  |
|---|---|---|
| In re: | : | **Chapter 11** |
|  | : |  |
| **ARP OKLAHOMA, LLC,** | : | **Case No. 16-12154 (\_\_\_)** |
|  | : |  |
| **Debtor.** | : | **(Joint Administration Pending)** |
|  | : |  |
| Tax I.D. No: 90-0815193 | : |  |

|  |  |  |
|---|---|---|
| In re: | : | **Chapter 11** |
|  | : |  |
| **ARP PRODUCTION COMPANY, LLC,** | : | **Case No. 16-12155 (\_\_\_)** |
|  | : |  |
| **Debtor.** | : | **(Joint Administration Pending)** |
|  | : |  |
| Tax I.D. No: 90-0999968 | : |  |

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **ARP RANGELY PRODUCTION, LLC,** | : | **Case No. 16-12156 (___)** |
| | : | |
| **Debtor.** | : | **(Joint Administration Pending)** |
| | : | |
| Tax I.D. No: 46-5641625 | : | |
| **In re:** | : | **Chapter 11** |
| | : | |
| **ATLAS BARNETT, LLC,** | : | **Case No. 16-12157 (___)** |
| | : | |
| **Debtor.** | : | **(Joint Administration Pending)** |
| | : | |
| Tax I.D. No: 26-2654688 | : | |
| **In re:** | : | **Chapter 11** |
| | : | |
| **ATLAS ENERGY COLORADO, LLC,** | : | **Case No. 16-12158 (___)** |
| | : | |
| **Debtor.** | : | **(Joint Administration Pending)** |
| | : | |
| Tax I.D. No: 45-2120015 | : | |
| **In re:** | : | **Chapter 11** |
| | : | |
| **ATLAS ENERGY INDIANA, LLC,** | : | **Case No. 16-12159 (___)** |
| | : | |
| **Debtor.** | : | **(Joint Administration Pending)** |
| | : | |
| Tax I.D. No: 26-3210546 | : | |
| **In re:** | : | **Chapter 11** |
| | : | |
| **ATLAS ENERGY OHIO, LLC,** | : | **Case No. 16-12160 (___)** |
| | : | |
| **Debtor.** | : | **(Joint Administration Pending)** |
| | : | |
| Tax I.D. No: 20-5365198 | : | |

3

| | |
|---|---|
| **In re:** | :   **Chapter 11** |
| | : |
| **ATLAS ENERGY SECURITIES, LLC,** | :   **Case No. 16-12161 (___)** |
| | : |
| **Debtor.** | :   **(Joint Administration Pending)** |
| | : |
| Tax I.D. No: 27-4735987 | : |
| **In re:** | :   **Chapter 11** |
| | : |
| **ATLAS ENERGY TENNESSEE, LLC,** | :   **Case No. 16-12162 (___)** |
| | : |
| **Debtor.** | :   **(Joint Administration Pending)** |
| Tax I.D. No: 26-2770794 | : |
| **In re:** | :   **Chapter 11** |
| | : |
| **ATLAS NOBLE, LLC,** | :   **Case No. 16-12163 (___)** |
| | : |
| **Debtor.** | :   **(Joint Administration Pending)** |
| | : |
| Tax I.D. No: 20-5365139 | : |
| **In re:** | :   **Chapter 11** |
| | : |
| **ATLAS PIPELINE TENNESSEE, LLC** | :   **Case No. 16-12164 (___)** |
| | : |
| **Debtor.** | :   **(Joint Administration Pending)** |
| | : |
| Tax I.D. No: 83-0504919 | : |
| **In re:** | :   **Chapter 11** |
| | : |
| **ATLAS RESOURCE FINANCE CORPORATION,** | :   **Case No. 16-12165 (___)** |
| | : |
| | :   **(Joint Administration Pending)** |
| **Debtor.** | : |
| | : |
| Tax I.D. No: 90-0812516 | : |

4

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **ATLAS RESOURCE PARTNERS HOLDINGS, LLC,** | **Case No. 16-12166 (___)** |
| Debtor. | **(Joint Administration Pending)** |
| Tax I.D. No: 27-4735285 | |
| **In re:** | **Chapter 11** |
| **ATLAS RESOURCES, LLC,** | **Case No. 16-12167 (___)** |
| Debtor. | **(Joint Administration Pending)** |
| Tax I.D. No: 20-4822875 | |
| **In re:** | **Chapter 11** |
| **ATLS PRODUCTION COMPANY, LLC,** | **Case No. 16-12168 (___)** |
| Debtor. | **(Joint Administration Pending)** |
| Tax I.D. No: 46-3060124 | |
| **In re:** | **Chapter 11** |
| **REI-NY, LLC,** | **Case No. 16-12169 (___)** |
| Debtor. | **(Joint Administration Pending)** |
| Tax I.D. No: 20-5365147 | |
| **In re:** | **Chapter 11** |
| **RESOURCE ENERGY, LLC,** | **Case No. 16-12170 (___)** |
| Debtor. | **(Joint Administration Pending)** |
| Tax I.D. No: 20-5365174 | |

5

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **RESOURCE WELL SERVICES, LLC,** | : | **Case No. 16-12171 (___)** |
| | : | |
| **Debtor.** | : | **(Joint Administration Pending)** |
| | : | |
| Tax I.D. No: 20-5365162 | : | |
| | : | |
| In re: | : | **Chapter 11** |
| | : | |
| **VIKING RESOURCES, LLC,** | : | **Case No. 16-12172 (___)** |
| | : | |
| **Debtor.** | : | **(Joint Administration Pending)** |
| | : | |
| Tax I.D. No: 20-5365124 | : | |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF THE CHAPTER 11 CASES

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Atlas Resource Partners, L.P. ("ARP") and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby move (the "Motion") for entry of an order substantially in the form attached hereto as Exhibit A (the "Order"), directing procedural consolidation and joint administration of these Chapter 11 Cases and granting related relief. In support of the Motion, the Debtors rely upon and incorporate by reference the affidavit of Jeffrey M. Slotterback, Chief Financial Officer, in support of the chapter 11 petitions and first-day pleadings (the "First-Day Affidavit"), filed concurrently herewith.[1] In further support of the Motion, the Debtors respectfully represent:

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First-Day Affidavit.

6

## JURISDICTION AND VENUE

1.        This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.        The predicates for the relief requested herein are sections 105(a), 1107(a), and 1108 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

## BACKGROUND

**A.        The Chapter 11 Cases**

3.        On July 27, 2016 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  Substantially contemporaneous with the commencement of the Chapter 11 Cases, the Debtors filed their joint prepackaged plan of reorganization (the "Prepackaged Plan" or "Plan") and related disclosure statement (the "Disclosure Statement") and a motion requesting a combined hearing for approval of the Prepackaged Plan and Disclosure Statement to be held within 30 days of the Petition Date.

4.        The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No creditors' committee has been appointed by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), nor has a trustee or examiner has been appointed in the Chapter 11 Cases.

**B.    The Debtors' Business and Corporate Structure**

5.    Debtor ARP, a publicly-traded master-limited partnership, is an independent oil and natural gas company engaged in the exploration, development, and production of oil and natural gas properties with operations in basins across the United States. ARP's affiliated Debtors are certain of ARP's wholly-owned direct and indirect subsidiaries. The Debtors' strategy involves acquiring properties with stable, long-life production, relatively predictable decline curves and lower risk development opportunities.  The Debtors also sponsor and manage investment partnerships (the "Drilling Partnerships") in which they co-invest, to develop and monetize a portion of their undeveloped natural gas, crude oil and natural gas liquids production activities.  The Drilling Partnerships are not Debtors in these chapter 11 cases (the "Chapter 11 Cases").

6.    Non-Debtor Atlas Energy Group, LLC ("ATLS") is the general partner of ARP.  ATLS owns 100% of ARP's Class A units, all of the incentive distribution rights through which it manages and effectively controls ARP, and approximately 23.3% of ARP's limited partner interests.  ATLS also wholly owns or has interests in various other oil and gas subsidiaries (the "Non-Debtor Subsidiaries" and, together with ATLS and ARP's non-Debtor subsidiaries, the "Non-Debtor Affiliates").  Neither ATLS nor any of its subsidiaries, with the exception of ARP and certain of ARP's subsidiaries, is a Debtor in these Chapter 11 Cases.

**C.    The Restructuring Support Agreement and Prepackaged Plan**

7.    The Debtors have filed the Chapter 11 Cases for purposes of effectuating a restructuring in accordance with the Prepackaged Plan.  On July 25, 2016, the Debtors executed a restructuring support agreement (the "Restructuring Support Agreement") with their First Lien Lenders, Second Lien Lenders, and certain Noteholders (collectively, the "Restructuring Support Parties"), pursuant to which such Restructuring Support Parties agreed to support confirmation

and, as applicable, vote in favor of the Plan.  Specifically, Restructuring Support Parties holding 100% of the amount of existing First Lien Claims, 100% of the amount of existing Second Lien Claims, and approximately 80% of the amount of existing Notes Claims have agreed to vote in favor of the Prepackaged Plan.

8.    On July 25, 2016, the Debtors commenced the solicitation of their Plan.  In particular, the Debtors solicited votes of the holders of First Lien Claims, Second Lien Claims and Notes Claims (as defined in the Prepackaged Plan), the only classes of voting creditors pursuant to the Plan, through the Disclosure Statement.  The solicitation period for the Prepackaged Plan will remain open for another 26 days until, August 23, 2016, subject to the Court's approval.

9.    The Prepackaged Plan contemplates a balance-sheet restructuring.  In particular, the Plan provides for the full and final satisfaction of the Debtors' obligations under the First Lien Credit Agreement, the Second Lien Credit Agreement, and the Notes Indentures. To furnish the reorganized Debtors with liquidity upon emergence, the reorganized Debtors will enter into the Exit Facility Credit Agreement and the New Second Lien Credit Agreement in accordance with the Plan.  The Plan also provides for the distributions of new equity of the reorganized Debtors to the holders of Notes Claims and Second Lien Claims.  The remaining classes of claims, including General Unsecured Claims, are unimpaired under the Plan.

10.    Additional background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to these Chapter 11 Cases, is set forth in the First-Day Affidavit.

## RELIEF REQUESTED

11.     By this Motion, the Debtors seek entry of an order, under Bankruptcy Rule 1015(b), consolidating the Chapter 11 Cases for procedural purposes only, and waiving the requirement of Bankruptcy Code section 342(c)(1) and Bankruptcy Rule 2002(n) that the case caption and certain notices in the Chapter 11 Cases contain certain identifying information with respect to each Debtor.  Specifically, the Debtors request that the Court maintain one file and one docket for all of the jointly-administered cases under the case of Atlas Resource Partners, L.P., and that the cases be administered under a consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **ATLAS RESOURCE PARTNERS, L.P.,** *et al.*, | : | **Case No. 16-12149** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |
| | : | |
| | : | |

12.     The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n).

---

[1]     The Debtors and the last four digits of their taxpayer identification numbers (as applicable) are as follows: Atlas Resource Partners, L.P. (1625), ARP Barnett Pipeline, LLC (2295), ARP Barnett, LLC (2567), ARP Eagle Ford, LLC (6894), ARP Mountaineer Production, LLC (9365), ARP Oklahoma, LLC (5193), ARP Production Company, LLC (9968), ARP Rangely Production, LLC (1625), Atlas Barnett, LLC (4688), Atlas Energy Colorado, LLC (0015), Atlas Energy Indiana, LLC (0546), Atlas Energy Ohio, LLC (5198), Atlas Energy Securities, LLC (5987), Atlas Energy Tennessee, LLC (0794), Atlas Noble, LLC (5139), Atlas Pipeline Tennessee, LLC (4919), Atlas Resource Finance Corporation (2516), Atlas Resource Partners Holdings, LLC (5285), Atlas Resources, LLC (2875), ATLS Production Company, LLC (0124), REI-NY, LLC (5147), Resource Energy, LLC (5174), Resource Well Services, LLC (5162), Viking Resources, LLC (5124).  The address of the Debtors' corporate headquarters is Park Place Corporate Center One, 1000 Commerce Drive, Suite 400, Pittsburgh, PA 15275.

13.     In addition, the Debtors request that the Court make separate docket entries on the dockets of each of the Chapter 11 Cases (except that of Atlas Resource Partners, L.P.), substantially as follows:

> "An order has been entered in this case consolidating this case with the case of Atlas Resource Partners, L.P., Case No. 16-12149 (___) for procedural purposes only and providing for its joint administration in accordance with the terms thereof.  All further pleadings and other papers shall be filed in and all further docket entries should be made in Case No. 16-12149 (___)."

## BASIS FOR RELIEF

14.     Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order joint administration of the estates of the debtor and such affiliates.  Fed. R. Bankr. P. 1015(b).  The twenty four Debtors are "affiliates" of each other as that term is defined in Bankruptcy Code section 101(2) and as used in Bankruptcy Rule 1015(b).

15.     Section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).  Accordingly, the Bankruptcy Code and the Bankruptcy Rules authorize the Court to grant the relief requested herein.

16.     Joint administration of the Chapter 11 Cases will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates.  Joint administration will therefore ease the burden on the United States Trustee in supervising these bankruptcy cases.

17.     The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these Chapter 11 Cases will affect all of the Debtors.  Joint administration will also therefore save time and money and avoid duplicative and potentially

11

confusing filings by permitting counsel for the Debtors and for parties in interest to (a) use a

single caption on the numerous documents that will be served and filed herein and (b) file papers

in one case rather than in multiple cases.  Joint administration will also protect parties in interest

by ensuring that parties in each of the Debtors' respective Chapter 11 Cases will be apprised of

the various matters before the Court in the Chapter 11 Cases.

      18.     No party will be prejudiced by the relief requested in the Motion.

Specifically, the relief sought herein is solely procedural and is not intended to affect substantive

rights.  Each creditor and other party in interest will maintain whatever rights it has against the

particular estate in which it allegedly has a claim or right.

      19.     Moreover, waiver of the requirements imposed by section 342(c)(1) of the

Bankruptcy Code and Bankruptcy Rule 2002(n) that the Debtors' caption and other notices

mailed in these Chapter 11 Cases include the Debtors' tax identification numbers and other

information relating to the Debtors is appropriate in these Chapter 11 Cases.  Including the

Debtors' full tax identification numbers and other identifying information on each caption would

be unduly cumbersome, and may be confusing to parties in interest.  More importantly, waiver of

such requirement is purely procedural in nature and will not affect the rights of parties in interest,

especially given that the Debtors propose to include in each pleading they file and notice they

mail a footnote listing all of the Debtors, the last four digits of their tax identification numbers,

and the address of their corporate headquarters.

      20.     Courts in this jurisdiction have granted similar relief.  See, e.g., In re

Fairway Grp. Holdings, Corp., Case No. 16-11241 (MEW) (Bankr. S.D.N.Y. May 3, 2016); In re

SunEdison, Inc., Case No. 16-10992 (SMB) (Bankr. S.D.N.Y. Apr. 25, 2016); In re Republic

Airways Holdings Inc., Case No. 16-10429 (SHL) (Bankr. S.D.N.Y. Feb. 29, 2016); In re

Relativity Fashion, LLC, Case No. 15-11989 (MEW) (Bankr. S.D.N.Y. July 31, 2015).[1]

## RESERVATION OF RIGHTS

21.    Nothing contained herein is or should be construed as: (a) an admission as

to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any

claim on any grounds; (c) a promise to pay any claim; (d) an assumption or rejection of any

executory contract or unexpired lease pursuant to Bankruptcy Code section 365; or (e) otherwise

affect the Debtors' rights under Bankruptcy Code section 365 to assume or reject any executory

contract with any party subject to this Motion.

## NOTICE

22.    Notice of this Motion shall be given to the following notice parties (the

"Notice Parties"): (a) the Office of the United States Trustee for Region 2, (b) the holders of the

40 largest unsecured claims against the Debtors (on a consolidated basis), (c) Linklaters LLP,

counsel for the First Lien Agent, (d) Lindquist & Vennum LLP, counsel for the Second Lien

Agent, (e) Latham & Watkins LLP, counsel for the Second Lien Lenders, (f) Akin, Gump,

Strauss, Hauer & Feld LLP, counsel for the Ad Hoc Group, (g) Bracewell, LLP, counsel for the

Indenture Trustees, (h) the Securities and Exchange Commission, (i) the Internal Revenue

Service, and (j) the United States Attorney's Office for the Southern District of New York.  In

light of the nature of the relief requested, the Debtors submit that no other or further notice need

be provided pursuant to Local Bankruptcy Rule 9013-1(b).

---

[1]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion.
Copies of these orders are available upon request to the Debtors' proposed counsel.

## NO PRIOR REQUEST

23.     No previous request for the relief sought herein has been made to this

Court or any other court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

# CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: New York, New York
       July 28, 2016

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ David M. Turetsky*
David M. Turetsky
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

– and –

Ron E. Meisler (*pro hac vice pending*)
Felicia Gerber Perlman (*pro hac vice pending*)
Carl T. Tullson (*pro hac vice pending*)
155 N. Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Proposed Counsel for Debtors and Debtors in Possession*

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **ATLAS RESOURCE PARTNERS, L.P.,** | : | **Case No. 16-12149 (___)** |
| | : | |
| Debtor. | : | **(Joint Administration Pending)** |
| | : | |
| Tax I.D. No: 45-3591625 | : | |
| In re: | : | **Chapter 11** |
| | : | |
| **ARP BARNETT PIPELINE, LLC,** | : | **Case No. 16-12150 (___)** |
| | : | |
| Debtor. | : | **(Joint Administration Pending)** |
| | : | |
| Tax I.D. No: 61-1682295 | : | |
| In re: | : | **Chapter 11** |
| | : | |
| **ARP BARNETT, LLC,** | : | **Case No. 16-12151 (___)** |
| | : | |
| Debtor. | : | **(Joint Administration Pending)** |
| | : | |
| Tax I.D. No: 90-0812567 | : | |
| In re: | : | **Chapter 11** |
| | : | |
| **ARP EAGLE FORD, LLC,** | : | **Case No. 16-12152 (___)** |
| | : | |
| Debtor. | : | **(Joint Administration Pending)** |
| | : | |
| Tax I.D. No: 47-1846894 | : | |
| In re: | : | **Chapter 11** |
| | : | |
| **ARP MOUNTAINEER PRODUCTION, LLC,** | : | **Case No. 16-12153 (___)** |
| | : | |
| | : | **(Joint Administration Pending)** |
| Debtor. | : | |
| | : | |
| Tax I.D. No: 46-5641625 | : | |

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **ARP OKLAHOMA, LLC,** | **Case No. 16-12154 (___)** |
| **Debtor.** | **(Joint Administration Pending)** |
| Tax I.D. No: 90-0815193 | |
| **In re:** | **Chapter 11** |
| **ARP PRODUCTION COMPANY, LLC,** | **Case No. 16-12155 (___)** |
| **Debtor.** | **(Joint Administration Pending)** |
| Tax I.D. No: 90-0999968 | |
| **In re:** | **Chapter 11** |
| **ARP RANGELY PRODUCTION, LLC,** | **Case No. 16-12156 (___)** |
| **Debtor.** | **(Joint Administration Pending)** |
| Tax I.D. No: 46-5641625 | |
| **In re:** | **Chapter 11** |
| **ATLAS BARNETT, LLC,** | **Case No. 16-12157 (___)** |
| **Debtor.** | **(Joint Administration Pending)** |
| Tax I.D. No: 26-2654688 | |
| **In re:** | **Chapter 11** |
| **ATLAS ENERGY COLORADO, LLC,** | **Case No. 16-12158 (___)** |
| **Debtor.** | **(Joint Administration Pending)** |
| Tax I.D. No: 45-2120015 | |

|  |  |  |
|---|---|---|
| **In re:** | : | **Chapter 11** |
|  | : |  |
| **ATLAS ENERGY INDIANA, LLC,** | : | **Case No. 16-12159 (___)** |
|  | : |  |
| **Debtor.** | : | **(Joint Administration Pending)** |
|  | : |  |
| Tax I.D. No: 26-3210546 | : |  |
|  | : |  |
| **In re:** | : | **Chapter 11** |
|  | : |  |
| **ATLAS ENERGY OHIO, LLC,** | : | **Case No. 16-12160 (___)** |
|  | : |  |
| **Debtor.** | : | **(Joint Administration Pending)** |
|  | : |  |
| Tax I.D. No: 20-5365198 | : |  |
|  | : |  |
| **In re:** | : | **Chapter 11** |
|  | : |  |
| **ATLAS ENERGY SECURITIES, LLC,** | : | **Case No. 16-12161 (___)** |
|  | : |  |
| **Debtor.** | : | **(Joint Administration Pending)** |
|  | : |  |
| Tax I.D. No: 27-4735987 | : |  |
|  | : |  |
| **In re:** | : | **Chapter 11** |
|  | : |  |
| **ATLAS ENERGY TENNESSEE, LLC,** | : | **Case No. 16-12162 (___)** |
|  | : |  |
| **Debtor.** | : | **(Joint Administration Pending)** |
| Tax I.D. No: 26-2770794 | : |  |
|  | : |  |
| **In re:** | : | **Chapter 11** |
|  | : |  |
| **ATLAS NOBLE, LLC,** | : | **Case No. 16-12163 (___)** |
|  | : |  |
| **Debtor.** | : | **(Joint Administration Pending)** |
|  | : |  |
| Tax I.D. No: 20-5365139 | : |  |
|  | : |  |
| **In re:** | : | **Chapter 11** |
|  | : |  |
| **ATLAS PIPELINE TENNESSEE, LLC** | : | **Case No. 16-12164 (___)** |
|  | : |  |
| **Debtor.** | : | **(Joint Administration Pending)** |
|  | : |  |

3

Tax I.D. No: 83-0504919 _____ :
                                      :

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **ATLAS RESOURCE FINANCE CORPORATION,** | **Case No. 16-12165 (___)** |
|      **Debtor.** | **(Joint Administration Pending)** |

Tax I.D. No: 90-0812516 _____ :

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **ATLAS RESOURCE PARTNERS HOLDINGS, LLC,** | **Case No. 16-12166 (___)** |
|      **Debtor.** | **(Joint Administration Pending)** |

Tax I.D. No: 27-4735285 _____ :

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **ATLAS RESOURCES, LLC,** | **Case No. 16-12167 (___)** |
|      **Debtor.** | **(Joint Administration Pending)** |

Tax I.D. No: 20-4822875 _____ :

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **ATLS PRODUCTION COMPANY, LLC,** | **Case No. 16-12168 (___)** |
|      **Debtor.** | **(Joint Administration Pending)** |

Tax I.D. No: 46-3060124 _____ :

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **REI-NY, LLC,** | **Case No. 16-12169 (___)** |
|      **Debtor.** | **(Joint Administration Pending)** |

Tax I.D. No: 20-5365147 _____ :

|  |  |  |
|---|---|---|
| In re: | : | **Chapter 11** |
|  | : |  |
| **RESOURCE ENERGY, LLC,** | : | **Case No. 16-12170 (___)** |
|  | : |  |
| **Debtor.** | : | **(Joint Administration Pending)** |
|  | : |  |
| Tax I.D. No: 20-5365174 | : |  |

|  |  |  |
|---|---|---|
| In re: | : | **Chapter 11** |
|  | : |  |
| **RESOURCE WELL SERVICES, LLC,** | : | **Case No. 16-12171 (___)** |
|  | : |  |
| **Debtor.** | : | **(Joint Administration Pending)** |
|  | : |  |
| Tax I.D. No: 20-5365162 | : |  |

|  |  |  |
|---|---|---|
| In re: | : | **Chapter 11** |
|  | : |  |
| **VIKING RESOURCES, LLC,** | : | **Case No. 16-12172 (___)** |
|  | : |  |
| **Debtor.** | : | **(Joint Administration Pending)** |
|  | : |  |
| Tax I.D. No: 20-5365124 | : |  |

## <u>ORDER DIRECTING JOINT ADMINISTRATION OF THE CHAPTER 11 CASES</u>

Upon the motion (the "<u>Motion</u>")[1] of the Debtors for entry of an order (the "<u>Order</u>"), (i) providing for the joint administration of the Debtors' separate Chapter 11 Cases for procedural purposes only and (ii) waiving the requirements that the captions in the Chapter 11 Cases contain certain identifying information with respect to each Debtor; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28. U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

28 U.S.C. §§ 1408 and 1409; and upon consideration of the First-Day Affidavit; and due and

sufficient notice of the Motion having been given under the particular circumstances; and it

appearing that no other or further notice need be provided; and it appearing that the relief

requested by the Motion is in the best interests of the Debtors, their estates, their creditors, their

stakeholders, and other parties in interest; and after due deliberation thereon, and sufficient cause

appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.      The Motion is GRANTED as set forth herein.

2.      Each of the Chapter 11 Cases is consolidated for procedural purposes only

and shall be jointly administered by the Court.

3.      Nothing contained in this Order shall be deemed or construed as directing

or otherwise effecting any substantive consolidation of any of the Chapter 11 Cases.

4.      The caption of the jointly administered Chapter 11 Cases shall read as

follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | : | |
| In re: | : | **Chapter 11** |
| | : | |
| **ATLAS RESOURCE PARTNERS, L.P.,** *et al.,* | : | **Case No. 16-12149** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |
| | : | |
| | : | |

5.       All original pleadings shall be captioned as indicated in the preceding

paragraph, and all original docket entries shall be made in the case of Atlas Resource Partners,

L.P., Case No. 16-12149 (____).

6.       Docket entries shall be made on the docket of each of the Chapter 11

Cases (except that of Atlas Resource Partners, L.P.), substantially as follows:

> "An order has been entered in this case consolidating this case with the
> case of Atlas Resource Partners, L.P., Case No. 16-12149 (____) for
> procedural purposes only and providing for its joint administration in
> accordance with the terms thereof.  All further pleadings and other papers
> shall be filed in and all further docket entries should be made in Case No.
> 16-12149 (____)."

7.       The foregoing caption satisfies the requirements under Bankruptcy Code

section 342(c)(1) and Bankruptcy Rule 2002(n).

---

[1]       The Debtors and the last four digits of their taxpayer identification numbers (as applicable) are as follows:
Atlas Resource Partners, L.P. (1625), ARP Barnett Pipeline, LLC (2295), ARP Barnett, LLC (2567), ARP
Eagle Ford, LLC (6894), ARP Mountaineer Production, LLC (9365), ARP Oklahoma, LLC (5193), ARP
Production Company, LLC (9968), ARP Rangely Production, LLC (1625), Atlas Barnett, LLC (4688), Atlas
Energy Colorado, LLC (0015), Atlas Energy Indiana, LLC (0546), Atlas Energy Ohio, LLC (5198), Atlas
Energy Securities, LLC (5987), Atlas Energy Tennessee, LLC (0794), Atlas Noble, LLC (5139), Atlas Pipeline
Tennessee, LLC (4919), Atlas Resource Finance Corporation (2516), Atlas Resource Partners Holdings, LLC
(5285), Atlas Resources, LLC (2875), ATLS Production Company, LLC (0124), REI-NY, LLC (5147),
Resource Energy, LLC (5174), Resource Well Services, LLC (5162), Viking Resources, LLC (5124).  The
address of the Debtors' corporate headquarters is Park Place Corporate Center One, 1000 Commerce Drive,
Suite 400, Pittsburgh, PA 15275.

8.      This Order shall apply to any future filing of any affiliate of the Debtors, provided however, the Debtors shall file a notice with the Court identifying the cases of such affiliates and stating that this Order shall apply to such cases.

9.      The Debtors may file a single monthly operating report as required by the Operating Guidelines and Reporting Requirement for Debtors in Possession and Trustees, issued by the Executive Office for United States Trustees (rev. 11/27/13) for the jointly administered debtors.  However, the monthly operating report shall be filed on a consolidating (not consolidated) basis.  The report shall contain on a consolidating basis the information required for each debtor that tracks and breaks out all of the specific information, e.g., receipts, disbursements, etc., on a debtor-by-debtor basis.

10.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated  New York, New York

_____, 2016


_____
UNITED STATES BANKRUPTCY JUDGE