UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | : | Chapter 11 |
|---|---|---|
| | : | Case No. 16-12149 (SHL) |
| ATLAS RESOURCE PARTNERS, L.P., *et al.*, | : | (Jointly Administered) |
| | : | |
| Debtors.[1] | : | |

## LIMITED OBJECTION FILED BY THE COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF ENVIRONMENTAL PROTECTION, TO DEBTORS' CHAPTER 11 PLAN AND DISCLOSURE STATEMENT

Comes the Commonwealth of Pennsylvania, Department of Environmental Protection ("Pa DEP"), and files this Limited Objection to the Joint Prepackaged Chapter 11 Plan of Reorganization of Atlas Resource Partners, L.P., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code and the Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization of Atlas Resource Partners, L.P., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code ("Chapter 11 Plan and Disclosure Statement") filed by Debtor Atlas Resource Partners, L.P., *et al.* ("Debtors").

In support of this Limited Objection, the Pa DEP avers as follows:

### Background

1. The Pa DEP is the administrative agency for the Commonwealth of Pennsylvania with the duty and authority to administer and enforce Pennsylvania's

---

[1] The Debtors and the last four digits of their taxpayer identification numbers (as applicable) are as follows: Atlas Resource Partners, L.P. (1625), ARP Barnett Pipeline, LLC (2295), ARP Barnett, LLC (2567), ARP Eagle Ford, LLC (6894), ARP Mountaineer Production, LLC (9365), ARP Oklahoma, LLC (5193), ARP Production Company, LLC (9968), ARP Rangely Production, LLC (1625), Atlas Barnett, LLC (4688), Atlas Energy Colorado, LLC (0015), Atlas Energy Indiana, LLC (0546), Atlas Energy Ohio, LLC (5198), Atlas Energy Securities, LLC (5987), Atlas Energy Tennessee, LLC (0794), Atlas Noble, LLC (5139), Atlas Pipeline Tennessee, LLC (4919), Atlas Resource Finance Corporation (2516), Atlas Resource Partners Holdings, LLC (5285), Atlas Resources, LLC (2875), ATLS Production Company, LLC (0124), REI-NY, LLC (5147), Resource Energy, LLC (5174), Resource Well Services, LLC (5162), Viking Resources, LLC (5124). The address of the Debtors' corporate headquarters is Park Place Corporate Center One, 1000 Commerce Drive, Suite 400, Pittsburgh, PA 15275.

environmental statutes, including the Oil and Gas Act, Act of February 14, 2012, P.L. 87, No. 13, 58 Pa.C.S. §§3201-3274 ("2012 Oil and Gas Act"); the Air Pollution Control Act, Act of January 8, 1960, P.L. 2119 (1959), *as amended*, 35 P.S. §§ 4001-4015 (hereinafter "Air Pollution Control Act"); the Solid Waste Management Act, the Act of July 7, 1980, P.L. 380, *as amended*, 35 P.S. §§ 6018.101-6018.1003 ("SWMA"); The Clean Streams Law, the Act of June 22, 1937, P.L. 1987, *as amended*, 35 P.S. § 691.1 *et seq.* ("Clean Streams Law"); Section 1917-A of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §510-17 ("Administrative Code"); and the rules and regulations promulgated thereunder ("Regulations").

2. The Debtors are an oil and natural gas exploration and production company with their corporate headquarters located in Pennsylvania. The corporate headquarters are located at Park Place Corporate Center One, 1000 Commerce Drive, Suite 400, Pittsburgh, PA 15275.

**The Chapter 11 Bankruptcy Petition, Plan and Disclosure Statement**

3. Paragraphs 1 and 2, above, are incorporated herein by reference as though fully stated.

4. On July 27, 2016, the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §1101, *et seq.* The cases were docketed to Nos. 16-12149 through 16-12172. By Order dated July 29, 2016, the Court ordered the cases to be jointly administered by the Court under Case No. 16-12149 (SHL).

2

5. The Debtors filed their Chapter 11 Plan and Disclosure Statement on July 29, 2016. On August 17, 2016, the Debtors filed a Plan Supplement ("Plan Supplement").

6. The hearing scheduled for objecting to the Chapter 11 Plan and Disclosure Statement is scheduled for August 26, 2016, beginning at 9:00 a.m.

7. Both the Chapter 11 Plan and Disclosure Statement and Plan Supplement set forth sections releasing entities and parties from claims and obligations. Both the Chapter 11 Plan and Disclosure Statement and Plan Supplement contain exceptions concerning who may not be released from certain claims and obligations.

8. Of importance to the Pa DEP, Article VIII.C of the Chapter 11 Plan specifically does "…not release the Debtors, the Reorganized Debtors, their Estates, and the Released Parties from any Cause of Action held by a governmental entity existing as of the Effective Date based on …(ii) the environmental laws of the United States or any domestic state, city, or municipality,…"

9. Article VIII.C specifically provides that "…the releases…do not release any post-Effective Date obligations of any party or any Entity under the Plan,…or any document, instrument, or agreement…executed to implement the Plan."

10. Section K. 3 of the Disclosure Statement similarly sets forth that certain obligations are not released due to the Court confirming the Chapter 11 Plan.

**Pa DEP's Limited Objection to the Plan and Disclosure Statement**

11. Paragraphs 1 through 10, above, are incorporated herein by reference as though fully stated.

3

12. The Pa DEP regulates the drilling, plugging and restoration of oil and gas well sites within Pennsylvania.

13. The Debtors are required to operate the wells in accordance with Pennsylvania law.[2]

14. The Pa DEP estimates that Debtors are responsible for approximately Five Thousand (5000) or more gas wells located in Pennsylvania, primarily in the northcentral, northwestern and southwestern part of the state.

15. One or more the Debtors have informed the Pa DEP, or, the Pa DEP is aware of the following violations of Pennsylvania environmental law: abandoned wells located in various Pennsylvania counties;[3] a well in Lycoming County, Pennsylvania that has not been cemented properly;[4] a spill of residual waste to the ground located in

---

[2] The debtor-in-possession is required to comply with state law. Section 959(b) of the Judicial Code, 28 U.S.C. §959(b) states:
> [A] trustee, receiver or manager appointed in any cause pending in any court of the United States, including a debtor in possession, shall manage and operate the property in his possession as such trustee, receiver or manager according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to di if in possession thereof.

[3] Section 3220(a) of the 2012 Oil and Gas Act 58 P.S. § 3220(a), states in part as follows: "Upon abandoning a well, the owner or operator shall plug it in the manner prescribed by regulation of the department to stop vertical flow of fluids or gas within the well bore, unless the department has granted inactive status for the well or it has been approved by the department as an orphan well."

[4] Section 78.81(a) of the Department's regulations, 25 Pa. Code § 78.81(a), states in relevant part as follows: "…The operator shall case and cement a well to …(1) [a]llow effective control of the well at all times. (2) Prevent the migration of gas or other fluids into sources of fresh groundwater. (3) Prevent the pollution or diminution of fresh groundwater. (4) Prevent the migration of gas or other fluids into coals seams."

4

Fayette County, Pennsylvania;[5] and an open water supply violation located in Indiana County, Pennsylvania.[6]

16.    The Pa DEP respectfully submits that the violations noted in Paragraph 15, above, may not necessarily comprise an exclusive list and respectfully asserts there may be other violations.

17.    The Pa DEP files this Limited Objection to confirm that the Chapter 11 Plan and Disclosure Statement, and any order affirming the Chapter 11 Plan, reflect the requirement that the Debtors will comply with Pennsylvania environmental law including, but not limited to, the 2012 Oil and Gas Act and its concomitant regulations with regard to oil and gas exploration and drilling and related operations in Pennsylvania.[7]    This includes, for example, meeting well reporting requirements,[8]

---

[5] Section 302 of the SWMA, 35 P.S. § 6018.302, states in part as follows:
"(a) It shall be unlawful for any person or municipality to dispose, process, store, or permit the disposal, processing or storage of any residual waste in a manner which is contrary to the rules and regulations of the department.... (b) It shall be unlawful for any person or municipality who stores, processes, or disposes of residual waste to fail to: (1) Use such methods and facilities as are necessary to control leachate, runoff, discharges and emissions from residual waste in accordance with department regulations."

[6] Section 3218(a) of the 2012 Oil and Gas Act 58 P.S. § 3218(a), states in part as follows:
"....[A] well operator who affects a public or private water supply by pollution or diminution shall restore or replace the affected supply with an alternate source of water adequate in quantity or quality for the purposes served by the supply."

[7] The Department is responsible for administering and enforcing the 2012 Oil and Gas Act, 58 P.S. §§ 3201 – 3274 and regulations, 25 Pa. Code Chapter 78. One of the express purposes of the 2012 Oil and Gas Act is to "[p]rotect the natural resources, environmental rights and values secured by the Constitution of Pennsylvania." 58 P.S. §§ 3202 (4).

[8] Section 78.121(a) of the Department's regulations, 25 Pa. Code § 78.121(a), states in part as follows: "The well operator shall submit an annual production and status report for each permitted or registered well on an individual basis...The annual production report must include information on the amount and type of waste produced and the method of waste disposal or reuse. ..."

5

managing and/or plugging wells, performing ongoing mechanical integrity assessment of the well,[9] restoring well sites after wells are plugged,[10] transferring well permits to third parties,[11] and meeting bonding requirements.[12]

18. The Chapter 11 Plan and Disclosure Statement, and the order affirming the Chapter 11 Plan, should reflect that the obligations cover any issues that arose up to and including the effective date of the Chapter 11 Plan confirmation.

### Revised Chapter 11 Plan and Language for Confirmation Order

19. Paragraphs 1 through 18, above, are incorporated herein by reference as though fully stated.

20. The Department requests that the Chapter 11 Plan and Order enforcing it, to contain language as set forth herein:

Nothing in the Confirmation Order or the Chapter 11 Plan discharges, releases, precludes or enjoins: (i) any liability to any Governmental Authority that is not a claim; (ii) any claim of a Governmental Authority arising on or after the effective date; (iii) any police or regulatory liability to a Governmental Authority on the part of any Entity as the owner,

---

[9] Section 78.88 of the Department's regulations, 25 Pa. Code § 78.88, states in part that "…the operator shall inspect each operating well at least quarterly to ensure it is in compliance with the well construction and operating requirements of this chapter and the [2012 Oil and Gas] act."

[10] Section 3216(b) of the 2012 Oil and Gas Act, 58 P.S. § 3216 (d), provides in relevant part as follows: "Within nine months after plugging a well, the owner or operator shall remove all production or storage facilities, supplies and equipment and restore the well site. …"

[11] Section 3223 of the 2012 Oil and Gas Act, 58 P.S. § 3223, provides in relevant part as follows: "The owner or operator of a well shall notify the department in writing within 30 days, in a form directed by regulation, or sale, assignment, transfer, conveyance or exchange by or to the owner of the well. A transfer shall not relieve the well owner or operator of an obligation accrued under this chapter,…"

[12] Sections 78.301-78.314 of the Department's regulations, 25 Pa. Code §§ 78.301-314, set forth requirements for well owners and operators to maintaining adequate bonding for the wells.

6

permittee, operator, or other persons who are involved with the Property belonging to the Reorganized Debtor, on or after the Effective Date; or (iv) any liability to a Governmental Authority on the part of any person other than the Debtors or Reorganized Debtors.

Nothing in the Chapter 11 Plan or Confirmation Order enforcing it shall enjoin or bar a Governmental Authority from asserting or enforcing, outside the bankruptcy court, any liability that a Governmental Authority could enforce part of its authority to require compliance with environmental laws.

Nothing in the Confirmation Order or the Chapter 11 Plan shall divest any tribunal having jurisdiction to interpret or adjudicate compliance with environmental laws based on the Chapter 11 Plan or the Confirmation Order enforcing it.

21. In addition, the Pa DEP requests that the following definitions are included:

"Environmental Claim" means any Claim asserted by any Government Environmental Entity and any non-governmental entity against any of the Debtors arising from any Environmental Law.

"Environmental Law" means all federal, state, local, or tribal statutes, regulations, ordinances and similar provisions having the force or effect of law, all judicial and administrative orders, agreements and determinations and all common law concerning pollution or protection of the environment, or environmental impacts on human health and safety, including, without limitation, the Comprehensive Environmental Response, Compensation, and Liability Act; the Clean Water Act; the Clean Air Act; the Emergency Planning and Community Right-to-Know Act; the Federal Insecticide, Fungicide, and Rodenticide Act; the Resource Conservation and Recovery Act; the Safe Drinking Water Act; the Surface Mining Control and Reclamation Act of 1977; the Toxic Substances Control Act; and any state, local, or tribal analogues or equivalents, including, without limitation, Ohio Revised Code Chapter 1509 and the rules promulgated thereunder.

"Government Environmental Entity" means federal, state, local or tribal Governmental Units asserting claims or having regulatory authority or responsibilities with respect to Environmental Law.

### Reservation of Rights

22. Paragraphs 1 through 21, above, are incorporated herein by reference as though fully stated.

23. The Pa DEP has attached a proposed order, understandably only addressing a minute portion of the Chapter 11 Plan and Order to ultimately be entered in this matter.

24. The PA DEP respectfully reserves its rights to raise the above limited objection and any further objections to subsequent and/or revised Chapter 11 Plans and/or Disclosure Statements and/or documents having to do with the sale of assets.

Respectfully submitted,

COMMONWEALTH OF PENNSYLVANIA,
DEPARTMENT OF ENVIRONMENTAL
PROTECTION

*Amy Ershler*

Amy Ershler, PA I.D. No. 37353
Assistant Counsel
Northcentral Office of Chief Counsel
208 West Third Street, Suite 101
Williamsport, PA 17701
Telephone: 570.321.6568; Fax: 570.327.3565
aershler@pa.gov

Date: August 18, 2016

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| ATLAS RESOURCE PARTNERS, L.P., *et al.*, | Case No. 16-12149 (SHL) |
| | (Jointly Administered) |
| Debtors.[1] | |

## ORDER

Now, based on the Limited Objection filed by the Commonwealth of Pennsylvania, Department of Environmental Protection ("Pa DEP") to the Joint Prepackaged Chapter 11 Plan of Reorganization of Atlas Resource Partners, L.P., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code and the Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization of Atlas Resource Partners, L.P., *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code ("Chapter 11 Plan and Disclosure Statement"), it is ORDERED that:

1. The Chapter 11 Plan and Order enforcing it shall contain language:

Nothing in the Confirmation Order or the Chapter 11 Plan discharges, releases, precludes or enjoins: (i) any liability to any Governmental Authority that is not a claim; (ii) any claim of a Governmental Authority arising on or after the effective date; (iii) any police or regulatory liability to a Governmental Authority on the part of any Entity as the owner, permittee, operator, or other persons who are involved with the Property belonging to the Reorganized Debtor, on or after the Effective Date; or (iv) any liability to a

---

[1] The Debtors and the last four digits of their taxpayer identification numbers (as applicable) are as follows: Atlas Resource Partners, L.P. (1625), ARP Barnett Pipeline, LLC (2295), ARP Barnett, LLC (2567), ARP Eagle Ford, LLC (6894), ARP Mountaineer Production, LLC (9365), ARP Oklahoma, LLC (5193), ARP Production Company, LLC (9968), ARP Rangely Production, LLC (1625), Atlas Barnett, LLC (4688), Atlas Energy Colorado, LLC (0015), Atlas Energy Indiana, LLC (0546), Atlas Energy Ohio, LLC (5198), Atlas Energy Securities, LLC (5987), Atlas Energy Tennessee, LLC (0794), Atlas Noble, LLC (5139), Atlas Pipeline Tennessee, LLC (4919), Atlas Resource Finance Corporation (2516), Atlas Resource Partners Holdings, LLC (5285), Atlas Resources, LLC (2875), ATLS Production Company, LLC (0124), REI-NY, LLC (5147), Resource Energy, LLC (5174), Resource Well Services, LLC (5162), Viking Resources, LLC (5124). The address of the Debtors' corporate headquarters is Park Place Corporate Center One, 1000 Commerce Drive, Suite 400, Pittsburgh, PA 15275.

Governmental Authority on the part of any person other than the Debtors or Reorganized Debtors.

Nothing in the Chapter 11 Plan or Confirmation Order enforcing it shall enjoin or bar a Governmental Authority from asserting or enforcing, outside the bankruptcy court, any liability that a Governmental Authority could enforce part of its authority to require compliance with environmental laws.

Nothing in the Confirmation Order or the Chapter 11 Plan shall divest any tribunal having jurisdiction to interpret or adjudicate compliance with environmental laws based on the Chapter 11 Plan or the Confirmation Order enforcing it.

2. The following definitions shall be included in the Chapter 11 Plan and affirmed by any order confirming it:

"Environmental Claim" means any Claim asserted by any Government Environmental Entity and any non-governmental entity against any of the Debtors arising from any Environmental Law.

"Environmental Law" means all federal, state, local, or tribal statutes, regulations, ordinances and similar provisions having the force or effect of law, all judicial and administrative orders, agreements and determinations and all common law concerning pollution or protection of the environment, or environmental impacts on human health and safety, including, without limitation, the Comprehensive Environmental Response, Compensation, and Liability Act; the Clean Water Act; the Clean Air Act; the Emergency Planning and Community Right-to-Know Act; the Federal Insecticide, Fungicide, and Rodenticide Act; the Resource Conservation and Recovery Act; the Safe Drinking Water Act; the Surface Mining Control and Reclamation Act of 1977; the Toxic Substances Control Act; and any state, local, or tribal analogues or equivalents, including, without limitation, Ohio Revised Code Chapter 1509 and the rules promulgated thereunder.

"Government Environmental Entity" means federal, state, local or tribal Governmental Units asserting claims or having regulatory authority or responsibilities with respect to Environmental Law.

Dated: _____
New York, New York

_____
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: : | Chapter 11 |
| : | Case No. 16-12149 (SHL) |
| ATLAS RESOURCE PARTNERS, L.P., *et al.*, : | (Jointly Administered) |
| : | |
| Debtors.[1] : | |

## CERTIFICATE OF SERVICE

This is to certify that the Limited Objection filed by the Commonwealth of Pennsylvania, Department of Environmental Protection, to the Chapter 11 Plan and Disclosure Statement of Atlas Resource Partners, L.P., *et al.*, was served through the Court's Electronic Case Filing System to all parties registered or otherwise entitled to receive electronic notices.

FOR THE COMMONWEALTH OF
PENNSYLVANIA, DEPARTMENT OF
ENVIRONMENTAL PROTECTION

*/s/ Amy Ershler*
Amy Ershler, Assistant Counsel
PA ID No. 37353
208 West Third Street, Suite 101
Williamsport, PA 17701
Phone: 570-321-6568  Fax: 570-327-3565
aershler@pa.gov

Date: August 18, 2016

---

[1] The Debtors and the last four digits of their taxpayer identification numbers (as applicable) are as follows: Atlas Resource Partners, L.P. (1625), ARP Barnett Pipeline, LLC (2295), ARP Barnett, LLC (2567), ARP Eagle Ford, LLC (6894), ARP Mountaineer Production, LLC (9365), ARP Oklahoma, LLC (5193), ARP Production Company, LLC (9968), ARP Rangely Production, LLC (1625), Atlas Barnett, LLC (4688), Atlas Energy Colorado, LLC (0015), Atlas Energy Indiana, LLC (0546), Atlas Energy Ohio, LLC (5198), Atlas Energy Securities, LLC (5987), Atlas Energy Tennessee, LLC (0794), Atlas Noble, LLC (5139), Atlas Pipeline Tennessee, LLC (4919), Atlas Resource Finance Corporation (2516), Atlas Resource Partners Holdings, LLC (5285), Atlas Resources, LLC (2875), ATLS Production Company, LLC (0124), REI-NY, LLC (5147), Resource Energy, LLC (5174), Resource Well Services, LLC (5162), Viking Resources, LLC (5124). The address of the Debtors' corporate headquarters is Park Place Corporate Center One, 1000 Commerce Drive, Suite 400, Pittsburgh, PA 15275.